**Tagged**



**ORDERED in the Southern District of Florida on August 07, 2007.**

Steven H. Friedman, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

YUKIMO H. BUDA,                                      Case No: 04-34896-BKC-SHF
                                                     Chapter 7 Proceeding

        Debtor                    /

DEBORAH C. MENOTTE, Trustee                          Adv. Proceeding: 05-6193-BKC-SHF
in Bankruptcy for Yukimo H. Buda,

        Plaintiff,
vs.

YUKIMO H. BUDA,

        Defendant.          /

## MEMORANDUM OPINION

**THIS CAUSE** came before the Court for trial on February 1, 2007 on the Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 (C.P. 1). The Court, having considered the testimony of the witnesses, the documentary evidence presented by the parties, the candor and demeanor of the witnesses, the underlying pleadings, and being otherwise fully advised in the premises, finds that the trustee has failed to carry her burden as to the denial of the debtor's discharge. Accordingly, a Discharge of Debtor shall be issued in favor of Yumiko H. Buda.

**JURISDICTION**

The Court has jurisdiction of this matter pursuant to 28 U.S.C §§ 1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The following constitutes the Court's findings of fact and conclusions of law following a trial conducted pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings by Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT**

The debtor, Yumiko Buda, filed a voluntary chapter 7 petition on October 22, 2004. Contemporaneously, Deborah C. Menotte was appointed chapter 7 trustee, and she continues to serve in that capacity. On October 12, 2005, the trustee conducted a Bankruptcy Rule 2004 examination of the debtor, wherein the trustee learned that the debtor had sold real property located at 10182 Crosswind Road, Boca Raton, Florida ("Boca Raton property") for approximately $355,000 on October 2, 2003, one year prior to filing bankruptcy. The debtor received proceeds of approximately $185,000.00 from the sale. Upon learning of the sale of this real property, the trustee requested that the debtor produce documentation evidencing the debtor's receipt and disposition of the $185,000 derived from the sale. The trustee claims that, to date, the debtor has failed to produce documentation evidencing the disposition of the funds from the sale of the Boca Raton property. The trustee further contends that the duces tecum served upon the debtor prior to the Rule 2004 examination required the debtor to produce four years of bank statements and cancelled checks, dating back to 2000, at the Rule 2004 Examination, which the debtor allegedly failed to provide.

According to the testimony of the debtor, she was not working at the time of the sale of the Boca Raton property. As such, she utilized the money to pay off debts and school tuition for her two daughters, for whom she is the sole provider. She also testified that she invested in a home

inspection business with her then-boyfriend, Mathew Migdal. The home inspection business ultimately failed. The debtor further testified that between 2003 and 2004, Mathew Migdal stole $45,000 from her personal checking account and fraudulently utilized an American Express business account leaving her personally responsible for the outstanding balance of $35,000. According to the debtor, Mathew Migdal pled guilty to two felony counts in conjunction with the above-mentioned transactions, and was sentenced to 15 years in a Florida state prison. The debtor claims that this series of events precipitated her bankruptcy filing.

At trial, the debtor testified that she was unable to comply with the trustee's demand for four years of bank statements and cancelled checks, dating back to 2000, due to various impediments. The debtor believes that Mr. Migdal, who was living with her during a portion of the relevant time period, destroyed certain bank statements so as to conceal the fraudulent activity in which he was engaged. The debtor claims that she attempted to obtain copies of bank statements and cancelled checks, but could not afford the bank's copy fees which would have been in excess of $1200. Ultimately, the debtor was able to produce the requested documents dating back to September 2003, shortly before the commencement of trial. The debtor contends that the documentation that she has provided, which now includes all bank statements and cancelled checks for the period between September 2003 through January 2006, represents sufficient information to enable the trustee to ascertain the debtor's complete financial condition.

### I. § 727(a)(3)- FAILURE TO KEEP OR PRESERVE FINANCIAL RECORDS

Section 727(a)(3) of the Bankruptcy Code requires that the court deny discharge to the debtor who:

> has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents,

> records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances of the case.

The principle concern of Section 727(a)(3) is to provide creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge. *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992)(citing 4 Collier on Bankruptcy ¶727-03[1] (15th ed. 1979)). The statute further ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history for a reasonable time period. *Id.*; *see also In re Juzwiak,* 89 F.3d 424, 427 (7th Cir. 1996).

In support of her claim for relief under Section 727(a)(3), the trustee alleges that the debtor failed to preserve or maintain adequate records from which the debtor's financial condition may be ascertained (Compl. ¶12). The trustee specifically alleges that the debtor has failed to produce documentation evidencing the disposition of approximately $185,000 in sale proceeds derived from the Boca Raton property. Additionally, the trustee claims that there exists insufficient recorded information from which to ascertain the debtor's financial condition, based upon the fact that the debtor owes creditors in excess of $64,000 without documentation to memorialize the disposition of the assets to support her obligations (Compl. ¶13).

In order to establish a prima facie cause of action under Section 727(a)(3), the trustee must show (1) that the debtor failed to keep or preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. *Pereira v. Young (In re Young),* 346 B.R. 597, 608 (Bankr. E.D.N.Y. 2006). All that is required of a debtor is that his or her financial condition and transactions may be discerned for a reasonable period of

time in the past. *In re Bendetti,* 131 Fed. Appx. 224, 225 (11th Cir. 2005). Additionally, courts have full discretion to excuse the failure to keep or preserve records when presented with justifiable circumstances. *Id.*

Whether a debtor's failure to retain records was justified must be determined in light of all the circumstances of the case. *Christy v. Kowalski (In re Kowalski),* 316 B.R. 596, 603 (Bankr. E.D.N.Y. 2004). A "combination of factors including the debtor's personal situation and circumstances beyond the debtor's control" may lead to justification for a failure to keep or preserve records. *Ochs v. Nemes (In re Nemes),* 323 B.R. 316, 327 (Bankr. E.D.N.Y. 2005).

The debtor testified that she is a single parent to two young children. Furthermore, the debtor was a victim of theft and fraud during the relevant time period to such extent that the perpetrator is now serving a fifteen-year sentence in a Florida state prison. The Boca Raton property was sold on October 2, 2003. Therefore, the relevant time period at to the disposition of assets would have begun in October 2003. Based upon the circumstances surrounding the debtor's personal situation, and the record *sub judice,* the Court is satisfied that the debtor has produced sufficient documentation from which her financial condition may be ascertained. The focus of § 727(a)(3) is to preclude debtors who destroy or hide their records from being relieved of their obligations. The trustee presented no evidence to suggest that the debtor destroyed or secreted any records. The trustee thus has failed to meet her burden under § 727(a)(3).

## II. § 727(a)(5)- FAILURE TO EXPLAIN THE LOSS OF ASSETS

Section 727(a)(5) requires the bankruptcy court to deny a discharge to any debtor who has failed to explain satisfactorily a loss or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. 727(a)(5). The question of whether a debtor satisfactorily explains a loss of assets is a question of

fact. *In re Chalik,* 748 F.2d 616, 619 (11th Cir. 1984). The creditor or trustee has the initial burden of proving that the debtor, at one time, owned substantial and identifiable assets that are no longer available for her creditors. *In re Gonzalez,* 302 B.R. 745, 755 (Bankr. S.D.Fla. 2003). Once the trustee has established that a loss of assets has occurred, the burden then shifts to the debtor to provide a satisfactory explanation for the loss. *Id.*

The trustee contends that the debtor should be denied a discharge because she failed to provide adequate documentation to account for the loss of assets pertaining to the sale proceeds from the Boca Raton property. The Court finds that the trustee has failed to identify any assets, the loss of which the debtor has failed to explain. The Court is satisfied as to the explanation of the loss of sale proceeds from the Boca Raton property provided by the debtor, by way of bank documentation and testimony regarding the circumstances involving Matthew Migdal. Those circumstances include the destruction of bank records and Matthew Migdal's criminal sentence and incarceration for theft and fraud. The trustee has failed to carry her burden of proof, by a preponderance of the evidence, that the debtor owned assets whose loss she has failed to adequately explain. *Grogan v. Garner,* 498 U.S. 279, 286 (1991). As such, the trustee has failed to establish any basis for the denial of the debtor's discharge.

Pursuant to Bankruptcy Rule 7054(a), the Court shall enter a Judgment granting a Discharge of Debtor in favor of Yumiko H. Buda.

###

**The Clerk of Court is directed to serve a copy of this Order on all interested parties.**